Action to recover damages for personal injury alleged to have been caused by the negligence of the defendant.
Plaintiff offered evidence tending to show that she was employed in the spinning room of defendant's mill, working on a night shift, and that she sustained an injury to her leg while on her way to work about *Page 239 
12:15 a.m., on 1 February, 1932; that Roy Phillips, overseer of the spinning room, was with her at the time; that her house was 225 yards from the mill.
Plaintiff testified: "I was hurt on pathway going to the mill, ran into a manhole (cover), got overbalanced, and it throwed me into an iron stake and hurt my leg. I went to the mill and worked until six a.m., and then went home. . . . I never did see the stob. I have seen the manhole sitting out on the walkway that went into the mill. I could not see the manhole at the time I stumbled on it. Mr. Phillips had said nothing to me about it. The pathway was used by people going in and out of the mill. I had used the pathway before my injury, had not been on pathway on which I was injured regularly. They were getting up night hands to work. I did not go around with Phillips, he had done got others and we were going on to the mill. He was my boss. I hadn't paid any attention to this manhole before I was hurt. There was no balustrade around it, or any light there. It was dark. The first I knew about the manhole being there on night of the injury was running into it with my right foot and it overbalanced me. Been working for defendant about two years, didn't work regularly. Been working a year on night shift before I got hurt. Mr. Phillips came to my house to wake me. He was going around waking all his help, as was his custom, about 12 o'clock, if they were not up. I was done up. He saw the light in my house and knew I was up. My husband asked him to go with me out there. He was walking kinda to the side along the pathway which led from my house across one or more streets and along the top of an embankment raised above the street, very near the house of Mr. Pledger, might have been eight or nine feet from the door step. I had been along there a time or two before in the daytime. The pathway leads toward the mill to the end of another street when it crossed the end of the street, when it went around the store. It went across another street. Phillips didn't have a lantern or light. The stake was about eleven inches high, a little bit from the manhole which was in the pathway. The manhole was setting in the pathway, both the stake and the manhole were in the pathway. The stake was something like a foot, right beside the manhole. The path was some four or five feet wide."
Roy Phillips, witness for plaintiff, testified: "I did not have to bring help into the mill, but I usually went and seen after that. I had to see if we had enough. I was with Mrs. Allen going back to the mill. She stumbled over a manhole and hit an iron stake. The walkway went through the village. It was around four feet wide. I observed the manhole in daytime before the injury. The top was about four inches from the ground, and was about three feet in diameter. The stake was about twenty inches from the manhole. I saw it there about nine *Page 240 
months before the injury. Looked like an iron pipe all battered up. It didn't stay there more than a day or two after injury. Don't know who took it up. I couldn't see the manhole before I got to it. Plaintiff's home was 225 yards from the mill. We had to cross two or more streets before we got to where she was hurt. Her house faced on a street. I came out into the street leaving her house, walked some distance until I came to a street running perpendicular to that, and crossed the perpendicular street. If we had followed the perpendicular street, we would have gone to a street on which the mill was located without crossing the path. The manhole is a few feet back from Pledger's house where injury occurred. We went between Pledger's house and Calhoun's house into a roadway and on up to the mill. I knew the manhole and stob were there. I was going through the pathway at the time, and the stob was between the roadway and the manhole. I was talking the short cut to the mill. There were two roadways I could have gone. They were perfectly clear. There wasn't anything wrong with the roadway to the mill, perfectly smooth. The embankment is about one and a half feet higher than the roadway. Lots of times I would wake people up, but I didn't make them go with me. When they wanted to go with me, I allowed them. The pathway looked to be four or five feet wide. The manhole was on the edge of the pathway. I was walking on the left side. The manhole was off the path and the stake was on side of walk between manhole and road on left side of manhole. About six inches of manhole came out in the path — pathway left unobstructed except of these six inches of manhole. There were three stakes in a row between manhole and road. The stake we are talking about was about twenty inches from the manhole on opposite side of path I was traveling. Manhole was on my left and stake was on my left — stake farther from the path. Between the manhole and road there was a small ditch. Mrs. Allen was walking beside me nearer the manhole than I was. We left sidewalk that runs along edge of bank. Pledger's automobile was between manhole and house. We took a diagonal course and went around the house and Calhoun's house and passed to edge of Pledger's house in about one and a half feet from it. The Calhoun and Pledger houses are about thirty feet apart, manhole about nine feet from Pledger's house. The manhole was in Pledger's back yard. Have seen barricades between Pledger and Calhoun houses to keep anything from going through there. Barricade was a 2 x 4 put up like a banister, and runs like a pathway on each side to each house, leaving a gap for the pathway. Pledger's car was standing about two feet from manhole, between house and manhole. Someone left car on path which I had been partially traveling, and I left path on account of car, and when Mrs. Allen left path on account of car she hit the manhole and struck the *Page 241 
stake. Defendant did not have anything to do with that car that I know of. The car was in Pledger's back yard, two and a half or three feet from manhole, parallel with house."
Rosa Allen (recalled) testified: "The manhole was on left side of the path. I went to left of the manhole because the car was there in the path, and struck the manhole and fell against the stake. When I walked around manhole it put me between manhole and the street. I went around manhole because car was setting on other side of manhole and house. I went around the manhole because the car was in my way."
At the close of plaintiff's evidence motion for nonsuit was allowed, and from judgment dismissing the action plaintiff appealed.
It is apparent from an examination of plaintiff's evidence, as disclosed by the record before us, that she has failed to make out a case of actionable negligence on the part of the defendant, and that the motion for judgment of nonsuit was properly allowed. Atkinson v. Mills Co., 201 N.C. 5;Crawford v. Michael Bivens, Inc., 199 N.C. 224.
While, as stated by Hoke, J., in Elliott v. Furnace Co., 179 N.C. 142, an employer of labor, in the exercise of reasonable care, is required to provide for his employee a safe place in which to do his work, this obligation extending to the approaches to it when these are under the employer's control, under the testimony in the case at bar, there was no duty devolving upon the defendant to protect the plaintiff from an obstruction in a short-cut path that ran through another's back yard, along which plaintiff was walking on her way to the mill. There was no evidence by whom the manhole (cover) and stake were placed there, nor evidence upon which it could be held that the duty of inspecting the path where plaintiff was injured was imposed upon the defendant by reason of control over the premises over which it passed; nor does it appear that witness Phillips was acting under authority from defendant or within the scope of his duties in walking with the plaintiff from her home to the mill. Atkinson v. MillsCo., supra.
The judgment of nonsuit is
Affirmed. *Page 242